IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PFIZER INC. and | ) | |
| PFIZER IRELAND PHARMACEUTICALS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| AUROBINDO PHARMA LIMITED, | ) | |
| AUROBINDO PHARMA U.S.A., INC., and | ) | |
| APITORIA PHARMA PRIVATE LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Pfizer Inc. and Pfizer Ireland Pharmaceuticals (collectively, "Pfizer"), by their undersigned attorneys, for their Complaint against defendants Aurobindo Pharma Limited ("Aurobindo Pharma"), Aurobindo Pharma U.S.A., Inc. ("Aurobindo USA"), and Apitoria Pharma Private Limited ("Apitoria") (collectively, "Aurobindo" or "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, arising from Aurobindo's submission of Abbreviated New Drug Application ("ANDA") No. 219328 (the "Aurobindo ANDA") to the United States Food and Drug Administration ("FDA"), seeking approval to market a generic version of Pfizer's NURTEC ODT® (rimegepant sulfate) tablet before the expiration of U.S. Patent No. 11,083,724 ("the '724 patent" or "the patent-in-suit").

## THE PARTIES

2.　　Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 66 Hudson Boulevard East, New York, NY 10001.

3.　　Plaintiff Pfizer Ireland Pharmaceuticals is a private unlimited liability company organized under the laws of Ireland and has its registered office at Operations Support Group, Ringaskiddy, Co. Cork, Ireland.　Pfizer Ireland Pharmaceuticals is a wholly owned, indirect subsidiary of Pfizer Inc.

4.　　Upon information and belief, Defendant Aurobindo Pharma is a company organized and existing under the laws of India, having a principal place of business at Plot No. 2, Maitrivihar, Amerpeet, Hyderabad-50038, Telangana, India.

5.　　Upon information and belief, Defendant Aurobindo USA is a corporation organized and existing under the laws of Delaware, having a principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey 08520.

6.　　Upon information and belief, Defendant Apitoria, formerly known as Auro Pharma India Private Limited, is a corporation organized and existing under the laws of India, having a principal place of business at Plot No. 1, Survey No. 83/1 Hyderabad Knowledge City, Panmaktha, Rai Durg, Hyderabad, 500032, India.

7.　　Upon information and belief, Aurobindo USA and Apitoria are wholly owned subsidiaries of Aurobindo Pharma.

8.　　Upon information and belief, Aurobindo Pharma, Aurobindo USA, and Apitoria are generic pharmaceutical companies that, in coordination with each other or at the direction of Aurobindo Pharma, develop, manufacture, market, and distribute generic pharmaceutical products for sale in the State of Delaware and throughout the United States.

## THE PATENT-IN-SUIT

9.      On August 10, 2021, the USPTO duly and legally issued the '724 patent, entitled "Rimegepant for CGRP Related Disorders."  The '724 patent is assigned to Pfizer Ireland Pharmaceuticals.  A copy of the '724 patent is attached to this Complaint as Exhibit A.

## NURTEC ODT®

10.     Pfizer Inc. holds approved New Drug Application No. 212728 for rimegepant sulfate orally disintegrating tablets (trade name NURTEC ODT®) for the acute treatment of migraine with or without aura in adults and the preventive treatment of episodic migraine in adults.

11.     Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the patent-in-suit is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to NURTEC ODT®.

## THE AUROBINDO ANDA

12.     Upon information and belief, Aurobindo Pharma prepared and submitted, through Aurobindo USA, the Aurobindo ANDA to the FDA in accordance with 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of rimegepant orally disintegrating tablets ("Aurobindo's ANDA Product") before the expiration of the patent-in-suit.

13.     Upon information and belief, Aurobindo Pharma acted in concert with Aurobindo USA and Apitoria, or at the direction of one or both, to prepare and submit the Aurobindo ANDA.

14.     Upon information and belief, Aurobindo's ANDA Product is a generic copy of NURTEC ODT®.

15.     Upon information and belief, the Aurobindo ANDA refers to and relies upon Pfizer's New Drug Application No. 212728 and purports to contain data on the bioequivalence of Aurobindo's ANDA Product to NURTEC ODT®.

16.     By a letter to Pfizer Inc. and Pfizer Ireland Pharmaceuticals dated April 17, 2024 ("Aurobindo's Paragraph IV Notice Letter"), Aurobindo stated that the Aurobindo ANDA contained a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that no valid and enforceable claim of the patent-in-suit will be infringed by the manufacture, use, or sale of Aurobindo's ANDA Product (the "Paragraph IV Certification").  Aurobindo's Paragraph IV Notice Letter included a statement purporting to allege the factual and legal bases for the Paragraph IV Certification.

17.     Upon information and belief, if the FDA approves the Aurobindo ANDA, Aurobindo will manufacture, distribute, import, offer for sale and/or sell Aurobindo's ANDA Product throughout the United States, including within the State of Delaware.

18.     This action is being filed within 45 days of Pfizer's receipt of Aurobindo's Paragraph IV Notice Letter.

## JURISDICTION AND VENUE

19.     This case arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

20.     This Court has personal jurisdiction over Aurobindo Pharma because, inter alia, it has purposefully availed itself of the privileges and benefits of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Aurobindo Pharma is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Aurobindo Pharma directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and Delaware.  By continuously placing its products into the stream of commerce for distribution and consumption in Delaware, Aurobindo's contacts with Delaware have been

4

systematic and continuous, and this judicial district is a likely destination of Aurobindo's ANDA Product.

21.     Upon information and belief, Aurobindo Pharma is the holder of the Aurobindo ANDA.

22.     This Court has personal jurisdiction over Apitoria because, inter alia, it has purposefully availed itself of the privileges and benefits of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Apitoria is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug products, including generic drug products.  Upon information and belief, Apitoria directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and Delaware.  By continuously placing its products into the stream of commerce for distribution and consumption in Delaware, Apitoria's contacts with Delaware have been systematic and continuous, and this judicial district is a likely destination of Aurobindo's ANDA Product.

23.     Upon information and belief, Apitoria acted in concert with or directed Aurobindo Pharma and/or Aurobindo USA to prepare and submit the Aurobindo ANDA, with the intention of receiving a significant financial benefit from the FDA's approval of the Aurobindo ANDA.

24.     This Court has personal jurisdiction over Aurobindo USA because its affiliations with the State of Delaware, including by virtue of its incorporation in Delaware, are so continuous and systematic that Aurobindo USA resides in Delaware.

25.     This Court also has personal jurisdiction over Aurobindo USA because, inter alia, it has purposefully availed itself of the privileges and benefits of Delaware's laws such that it should reasonably anticipate being haled into court here.  Upon information and belief, Aurobindo USA is in the business of manufacturing, marketing, importing, and selling pharmaceutical drug

products, including generic drug products.  Upon information and belief, Aurobindo USA directly, or indirectly, develops, manufactures, markets, and sells generic drugs throughout the United States and Delaware.  By continuously placing its products into the stream of commerce for distribution and consumption in Delaware, Aurobindo USA's contacts with the State of Delaware have been systematic and continuous, and this judicial district is a likely destination of Aurobindo's ANDA Product.

26.    Upon information and belief, Aurobindo USA acted in concert with Aurobindo Pharma and Apitoria, or at the direction of one or both, to prepare and submit the Aurobindo ANDA, with the intention of receiving a significant financial benefit from the marketing and distribution of Aurobindo's ANDA Product throughout the United States, including in Delaware.

27.    Upon information and belief, Aurobindo Pharma, Apitoria, and Aurobindo USA have thus been, and continue to be, agents of each other and/or operate in concert with respect to the drafting, submission, approval, and maintenance of the Aurobindo ANDA.

28.    Upon information and belief, Aurobindo Pharma, Apitoria, and Aurobindo USA are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Aurobindo's ANDA Product.

29.    This Court also has personal jurisdiction over Aurobindo Pharma and Aurobindo USA because they have availed themselves of the legal protections of the State of Delaware by previously consenting to personal jurisdiction in this judicial district and by asserting counterclaims against plaintiffs.  *See, e.g.*, *Bayer Pharma AG v. Aurobindo Pharma Ltd. & Aurobindo Pharma USA, Inc.*, C.A. No. 23-1372 (D. Del.); *Abbvie Inc. v. Aurobindo Pharma Ltd. & Aurobindo Pharma USA, Inc. et al.*, C.A. No. 23-1332 (D. Del.); *Taiho Pharm. Co. Ltd. v. Aurobindo Pharma Ltd. & Aurobindo Pharma USA, Inc. et al.*, C.A. No. 23-1193 (D. Del.); *Vifor*

*Fresenius Med. Care Renal Pharma Ltd v. Aurobindo Pharma Ltd. & Aurobindo Pharma USA, Inc.*, C.A. No. 23-877 (D. Del.); *Pfizer Inc. v. Aurobindo Pharma Ltd. & Aurobindo Pharma USA, Inc.*, C.A. No. 23-717 (D. Del.).

30.     For these and other reasons that will be presented to the Court if jurisdiction is challenged, the Court has personal jurisdiction over Aurobindo.

31.     Venue is proper in this Court for Aurobindo Pharma under 28 U.S.C. § 1391 because, upon information and belief, Aurobindo Pharma is not a resident of the United States and may thus be sued in any judicial district.

32.     Venue is proper in this Court for Apitoria under 28 U.S.C. § 1391 because, upon information and belief, Apitoria is not a resident of the United States and may thus be sued in any judicial district.

33.     Venue is proper in this Court for Aurobindo USA under 28 U.S.C. §§ 1391 and 1400(b) because Aurobindo USA is a corporation organized and existing under the laws of Delaware.

## COUNT I
### (Infringement of the '724 Patent)

34.     Pfizer realleges, and incorporates fully herein, each preceding paragraph.

35.     Defendants have infringed one or more claims of the '724 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining the Aurobindo ANDA, by which Defendants seek approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Aurobindo's ANDA Product before the expiration of the '724 patent.

36.     Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Aurobindo's ANDA Product within the United States, or importation of Aurobindo's ANDA Product into the United States, during the term of the '724 patent would

infringe one or more claims of the '724 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

37. Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Aurobindo's ANDA Product within the United States, or importation of Aurobindo's ANDA Product into the United States, during the term of the '724 patent would induce and/or contribute to the infringement of one or more claims of the '724 patent under 35 U.S.C. §§ 271(b) and/or (c).

38. For example, claim 1 of the '724 patent recites:

> A pharmaceutical composition comprising a pharmaceutically acceptable carrier and a therapeutically effective amount of a CGRP receptor antagonist, or a pharmaceutically acceptable salt thereof, wherein the pharmaceutical composition is in a form of an oral solid molded fast-dispersing dosage form.

39. Upon information and belief, Aurobindo's ANDA Product will contain a pharmaceutical composition comprising a therapeutically effective amount of rimegepant sulfate, which is a pharmaceutically acceptable salt of the CGRP receptor antagonist rimegepant. Upon information and belief, the pharmaceutical composition of Aurobindo's ANDA Product will be in a form of an oral solid molded fast-dispersing dosage form.

40. Upon information and belief, Defendants have acted with full knowledge of the '724 patent and without a reasonable basis for believing that they would not be liable for infringement of the '724 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aurobindo's ANDA Product with its proposed labeling immediately and imminently upon approval of the Aurobindo ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '724 patent.

8

41.     Upon information and belief, if the FDA approves the Aurobindo ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '724 patent, and will do so immediately and imminently upon approval.

42.     Upon information and belief, Defendants know that Aurobindo's ANDA Product is especially made or adapted for use in infringing the '724 patent, and that Aurobindo's ANDA Product is not suitable for any substantial non-infringing use.  Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '724 patent immediately and imminently upon approval of the Aurobindo ANDA.

43.     Pfizer will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '724 patent.

44.     Pfizer has no adequate remedy at law.

45.     Pfizer is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

### COUNT II
**(Declaratory Judgment of Infringement of the '724 Patent)**

46.     Pfizer realleges, and incorporates fully herein, each preceding paragraph.

47.     There is a substantial and immediate controversy between Pfizer and Aurobindo concerning the '724 patent.  Pfizer is entitled to a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that Aurobindo will infringe, actively induce infringement of, and/or contribute to the infringement of the '724 patent upon approval of the Aurobindo ANDA.

48.     Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Aurobindo's ANDA Product within the United States, or importation of Aurobindo's ANDA Product into the United States, during the term of the '724 patent would

infringe one or more claims of the '724 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

49.    Upon information and belief, Defendants' commercial manufacture, sale, offer for sale, or use of Aurobindo's ANDA Product within the United States, or importation of Aurobindo's ANDA Product into the United States, during the term of the '724 patent would induce and/or contribute to the infringement of one or more claims of the '724 patent under 35 U.S.C. §§ 271(b) and/or (c).

50.    For example, claim 1 of the '724 patent recites:

> A pharmaceutical composition comprising a pharmaceutically acceptable carrier and a therapeutically effective amount of a CGRP receptor antagonist, or a pharmaceutically acceptable salt thereof, wherein the pharmaceutical composition is in a form of an oral solid molded fast-dispersing dosage form.

51.    Upon information and belief, Aurobindo's ANDA Product will contain a pharmaceutical composition comprising a therapeutically effective amount of rimegepant sulfate, which is a pharmaceutically acceptable salt of the CGRP receptor antagonist rimegepant. Upon information and belief, the pharmaceutical composition of Aurobindo's ANDA product will be in a form of an oral solid molded fast-dispersing dosage form.

52.    Upon information and belief, Defendants have acted with full knowledge of the '724 patent and without a reasonable basis for believing that they would not be liable for infringement of the '724 patent. Notwithstanding this knowledge, Defendants have continued to assert their intent to engage in the commercial manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Aurobindo's ANDA Product with its proposed labeling immediately and imminently upon approval of the Aurobindo ANDA. Upon information and belief, through such activities, Defendants specifically intend infringement of the '724 patent.

10

53.     Upon information and belief, if the FDA approves the Aurobindo ANDA, Defendants plan and intend to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '724 patent, and will do so immediately and imminently upon approval.

54.     Upon information and belief, Defendants know that Aurobindo's ANDA Product is especially made or adapted for use in infringing the '724 patent, and that Aurobindo's ANDA Product is not suitable for any substantial non-infringing use.  Upon information and belief, Defendants plan and intend to, and will, contribute to infringement of the '724 patent immediately and imminently upon approval of the Aurobindo ANDA.

55.     Pfizer will be harmed substantially and irreparably if Defendants are not enjoined from infringing the '724 patent.

56.     Pfizer has no adequate remedy at law.

57.     Pfizer is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

58.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Aurobindo's ANDA Product with its proposed labeling will infringe the '724 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

## PRAYER FOR RELIEF

WHEREFORE, Pfizer prays for a judgment in their favor and against Defendants and respectfully requests the following relief:

A.     A judgment that Defendants have infringed the patent-in-suit pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 219328;

11

B.      An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 219328 shall be a date not earlier than the expiration of the patent-in-suit, or any later expiration of exclusivity to which Pfizer is or becomes entitled;

C.      A judgment declaring that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Aurobindo's ANDA Product will directly infringe, induce and/or contribute to infringement of the patent-in-suit;

D.      A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendants, their officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Aurobindo's ANDA Product within the United States, or importing Aurobindo's ANDA Product into the United States, before the expiration of the patent-in-suit, or any later expiration of exclusivity to which Pfizer is or becomes entitled;

E.      If Defendants commercially manufacture, use, offer to sell, or sell Aurobindo's ANDA Product within the United States, or import Aurobindo's ANDA Product into the United States, before the expiration of the patent-in-suit, including any extensions, a judgment awarding damages to Pfizer resulting from such infringement, together with interest;

F.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Pfizer their attorneys' fees incurred in this action;

G.      A judgment awarding Pfizer costs and expenses incurred in this action; and

H.      Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____

Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs Pfizer Inc. and Pfizer Ireland Pharmaceuticals*

OF COUNSEL:

Dimitrios T. Drivas
John P. Scheibeler
Joel L. Broussard
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200

May 23, 2024

13